CARTER, Plaintiff-Appellee, v. CHAPMAN, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2035.   Decided November 23, 1949.

James T. Cline, Dayton, for plaintiff-appellee.
Irvin Carl Delscamp, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court affirming a judgment of the Muni-

cipal Court of the City of Dayton on behalf of plaintiff against the defendant in the sum of $175.00 and costs.

Plaintiff's action was predicated on the claim that as a tenant the defendant had overcharged him the sum of $25.00 per month for a period of seven months in violation of Section 205 (e) Emergency Price Control Act of 1942, as amended. The prayer was for treble damages but the court, finding no willful intention to violate the act, awarded as damages only the amount of the overcharge.

The defense was to the effect that upon the request of the tenant defendant had provided services, furnishings and facilities in addition to those included in the ordinary rental of $75.00 for which the tenant was willing to and agreed to pay the additional sum of $25.00. Upon the issues thus drawn the trier of the facts which were disputed, each party having support for his claim, found for the plaintiff and entered judgment accordingly, which, upon review by the Common Pleas Court, was affirmed.

In this court three errors are assigned and relied upon. First, that, with the exception of the first month's rental, the payments as they came due each month were made by the plaintiff's wife and from a joint account in her name and the name of the plaintiff. Defendant therefore contends that there was a failure to join a proper party-plaintiff and that the plaintiff may not recover individually in the form of action here presented. This question was duly raised by motions, the factual development appearing only in the trial of the cause. The second and third assignments of error are to the effect that by the applicable provisions of the Federal Rental Act, if there was a violation thereof, the plaintiff was equally culpable with the defendant and should not be permitted to assert the right of recovery in a court of law.

Upon the first assignment of error, Judge Martin of the Common Pleas Court held that, notwithstanding the fact that the wife signed the checks from a joint account, it reasonably appeared that the primary liability for the rent was that of the husband and that as he was receiving $120.00 per month from the government for rental and sustenance and it not appearing that the wife had any separate means, it was probable that the checks represented the money of plaintiff and were signed by the wife as his agent. The plaintiff made the contract of rental with the defendant. There was no privity of contract between defendant and plaintiff's wife. We can not hold that the conclusion reached by the reviewing court is without support on this record.

Upon the second and third assignments of error, if the Federal Rental Act was general in terms and accorded the

**456**

plaintiff no special right to recover overcharges for rental, there would be considerable force in the contention of the appellant but the Emergency Price Control Act specifically reserves the right to institute the proceeding to recover overpayment to the person who has been overcharged. In the light of this specific authorization by the law-making body, ■ it would not be appropriate to defeat such right to invoke a general equitable principle requiring a party to come into the court with clean hands. To so construe the act would be to nullify completely the letter and the spirit of the act.

We find no error assigned well made. The judgment will therefore be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.